## Case No. 11,735.

### The R. F. CAHILL.

[9 Ben. 352.] [1]

District Court, S. D. New York. March, 1878.

TOWAGE — UNLAWFUL AGREEMENT OF MASTER — LIABILITY OF EMPLOYER.

1. The act of a servant must be done in the course of his employment, in order to make his master liable civilly for the tortious or negligent acts of the servant.

2. Where the master of a steam-tug was not using her in the service of her owner, or in the course of his employment, or in the business of her owner, and both such master and the owner of a canal boat which the tug was towing knew that the tug was towing at a place forbidden by the owner of the tug, and the master of the tug was to receive, by agreement with the owner of the canal boat, a special compensation for doing such unlawful act, and the two agreed to withhold knowledge of it from the owner of the tug, it was held that the tug was not liable for damages sustained by the canal boat while being so towed.

In admiralty.

W. W. Goodrich, for libellant.

E. D. McCarthy, for claimants.

BLATCHFORD, District Judge. The libellant, as owner of the canal boat R. S. Raymond, brings this libel against the steam-tug R. F. Cahill, to recover for the damages sustained by him through the sinking of the canal boat while in tow of the tug, in the harbor of New York, the canal boat having been struck and damaged by floating ice. The libel alleges, that the contract between the libellant and the agent of the tug was to tow the canal boat from New York to South Amboy, light, and back to the foot of Fifty-seventh street, North river, New York, loaded; and that the accident occurred through the negligence of those on board of the tug, before the canal boat had reached Fifty-seventh street.

The answer alleges, that the contract of towage was from New York to South Amboy and back to New York; that Fifty-first street was the limit of the tug as to towing; that, when the tug and the canal boat were about off Fortieth street, the libellant, who was on board of the canal boat, went into the pilot-house of the tug, and requested the master of the tug to tow the canal boat above the limit line of Fifty-first street; that the libellant knew that the limit of towing was Fifty-first street, and promised the master of the tug that he would pay him extra if he would take the canal boat from Fifty-first street to Fifty-seventh street, and that he would keep the fact concealed from the owners of the tug if the master would grant his request; and that thereupon the master of the tug, against the positive instructions of the claimants, her owners, undertook to perform such extra contract, during the performance of which the accident occurred.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

I think the testimony in the case establishes the facts set up in the answer. It satisfactorily appears, that the towage limits prescribed to the master of the tug by her owners were Fifty-first street on the North river, as the northerly limit; that the libellant knew that fact; that he never made any contract with any person that the tug should on this occasion tow his canal-boat above Fifty-first street, other than the contract set up in the answer, made with the master of the tug in the pilot-house of the tug; and that he made such contract, knowing that the master of the tug had no right to make it, and that he would exceed his lawful authority in towing the canal-boat above Fifty-first street. Under such circumstances, the master of the tug was not acting in the employment or service of her owners while towing the canal-boat above Fifty-first street, in such wise as to make the tug responsible for the damage sustained by the canal-boat.

The act of the servant must be done in the course of his employment, in order to make his master liable civilly for the tortious or negligent act of the servant. Philadelphia & R. R. Co. v. Derby, 14 How. [55 U. S.] 486; Mitchell v. Crassweller, 13 C. B. 237; Storey v. Ashton, L. R. 4 Q. B. 476; Higgins v. Watervliet Turnpike Co., 46 N. Y. 23; Isaacs v. Third Ave. R. Co., 47 N. Y. 122; Railroad Co. v. Hanning, 15 Wall. [82 U. S.] 657; Rounds v. Delaware, L. & W. R. Co., 64 N. Y. 133, 134; Rayner v. Mitchell, 2 C. P. Div. 357. In the present case, the master of the tug was not using the tug in the service of her owners, or in the course of his employment, or in the business of her owners. Both he and the libellant knew that the tug was engaged in towing at a place forbidden by her owners, and the master of the tug was to receive, by agreement with the libellant, a special compensation for doing the unlawful act, and the two agreed to withhold knowledge of it from the owners of the tug.

The libel is dismissed, with costs.